Filed 9/20/24  P. v. Ruiz CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JORGE ALEXANDER RUIZ,<br><br>Defendant and Appellant. | B330801<br><br>(Los Angeles County<br> Super. Ct. No. VA098500) |

APPEAL from an order of the Superior Court of Los Angeles County.  Maria Andrea Davalos, Judge.  Affirmed.

Law Offices of Mario Acosta, Jr. and Mario Acosta, Jr. for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Jorge Alexander Ruiz appeals from the denial of his motion to vacate pursuant to Penal Code section 1473.7.

We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On January 4, 2007, at a hearing at which he was represented by counsel and assisted by a Spanish language interpreter, defendant pled guilty to one count of second degree burglary (Pen. Code, § 459). He was sentenced to a low term of 16 months in prison with credit for 44 days of presentence custody credits (30 actual, 14 conduct). A second count for misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)) was dismissed in accordance with the terms of the plea agreement. The sentencing minute order indicates that defendant, at the time, had three other pending felony matters (case Nos. TA083110, TA075971 and BA294307) and that his sentence would be run concurrent to all three.

During the plea colloquy, the court told defendant that if he was not a citizen of the United States, his conviction in the case "will cause your deportation, exclusion from admission to the United States and denial of naturalization pursuant to the laws of the United States," commonly referred to as a *Tahl* waiver. (*In re Tahl* (1969) 1 Cal.3d 122.) Defendant also confirmed, on the record, that he had discussed the signed plea form with his counsel, which also included a *Tahl* waiver, and that he had no questions for the court.

After serving his sentence, defendant was deported in December 2008 and then illegally reentered the United States sometime in 2010. Defendant unsuccessfully applied for asylum.

2

In April 2023, defendant filed a motion to withdraw his plea and vacate his conviction pursuant to Penal Code section 1473.7. He argued that after having litigated his asylum request in immigration court for a number of years, he received notice in July 2022 from the Department of Homeland Security of a final removal order and was therefore seeking to vacate his 2007 plea to felony burglary. Defendant, who is a citizen of El Salvador, was represented in 2007 by Deputy Public Defender Valentin Rada. In the supporting declaration to his motion, defendant said he told Mr. Rada he had a lawful work permit called Temporary Protected Status (TPS) and he was fearful of losing it and being deported. Defendant said Mr. Rada told him he could probably get the felony burglary conviction reduced to a misdemeanor at a later date and he would "be ok." The attorney who assisted defendant in filing the motion submitted a declaration explaining that a felony conviction operated as a mandatory disqualification from TPS under the rules of the Department of Homeland Security, a point that had not been explained to defendant, and that it may have been possible to negotiate a misdemeanor burglary plea with a 364-day jail term in order to avoid mandatory deportation.

The hearing on defendant's motion was held on May 22, 2023. Defendant appeared through counsel and was not personally present. The court entertained argument and provided the parties with a lengthy explanation of its reasoning for denying the motion. The court acknowledged its assessment of defendant's motion was under the totality of circumstance approach of *People v. Espinoza* (2023) 14 Cal.5th 311, 319 (*Espinoza*).

The trial court said it understood the argument that despite receiving both oral and written *Tahl* waivers, defendant did not meaningfully understand the consequences of accepting the plea because his attorney, Mr. Rada, had represented to him that the felony conviction could be reduced and he would "be ok" with respect to his TPS status.

The court said that even accepting that point as true, it did not believe defendant had shown prejudicial error as required by *Espinoza.* The court explained there was "absolutely zero information" about community ties in 2006, no showing of any significant work history in the United States or any family obligations, only documentation that defendant, some 10 years *after* the plea, had married a woman here in 2017 and they had three minor children together. The court also said defendant's exhibits showed that he told immigration officials in 2007 that he had "no fear" of returning to El Salvador and had failed to mention altogether that he had other children living in El Salvador—an omission the court said was "glaring."

The trial court underscored that defendant, at the time of the plea, was already on three grants of felony probation, and there were no contemporaneous documents supporting any likelihood the prosecutor would have been willing to consider reducing the felony burglary to a misdemeanor and offering less than a year in jail. The prosecutor had already agreed to a low term of 16 months for the felony burglary, despite defendant's record, and defendant had admitted to police officers he had broken into the car, stolen numerous items and sold them on the street. The court said defendant had failed to show it was reasonably probable he would have rejected the plea had he correctly understood the immigration consequences or that he

could reasonably have expected an immigration-neutral disposition.

This appeal followed.

**DISCUSSION**

Defendant first argues the trial court applied an incorrect standard and improperly found that relief under Penal Code section 1473.7 is only available to immigrants with legal permanent resident status. The record does not support this contention. The court mentioned defendant's TPS as just one of the factors to be considered under the totality of circumstances review required by *Espinoza*. The court said defendant knew his status in the United States was temporary and that it was a type of less protected immigration status than that of a legal permanent resident. The court did not in any way say defendant was not entitled to seek relief under section 1473.7 because he was not a legal permanent resident.

Defendant also says the court erred by "not deferring" to the non-opposition of the People, citing subdivision (d) of Penal Code section 1473.7. But subdivision (d) grants a trial court the *discretion* to grant an unopposed motion, it does not mandate it. (§ 1473.7, subd. (d) ["All motions shall be entitled to a hearing. Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present. If the prosecution has no objection to the motion, the court may grant the motion to vacate the conviction or sentence without a hearing."].) Nothing in the statutory scheme supports the conclusion that a trial court acts illegally or commits error if it exercises its discretion to deny an unopposed motion.

5

The trial court correctly applied the totality of circumstances approach articulated in *Espinoza* and our review of the court's denial is de novo. (*Espinoza*, *supra*, 14 Cal.5th at p. 319.) We exercise our " ' "independent judgment to determine whether the facts satisfy the rule of law." ' " (*Id.* at pp. 319-320.) Where, as here, there was no evidentiary hearing and "the trial court's findings 'derive entirely from written declarations and other documents,' the trial court and the reviewing court ' "are in the same position," ' " no deference to the trial court's factual findings is owed. (*Id.* at p. 320.) " '[I]t is for the appellate court to decide, based on its independent judgment, whether the facts establish prejudice under [Penal Code] section 1473.7.' " (*Ibid.*)

In seeking relief under Penal Code section 1473.7, a "defendant must first show that he did not meaningfully understand the immigration consequences of his plea. Next, the defendant must show that his misunderstanding constituted prejudicial error. '[P]rejudical error . . . means demonstrating a reasonable probability that the defendant would have rejected the plea if the defendant had correctly understood its actual or potential immigration consequences.' " (*Espinoza*, *supra*, 14 Cal.5th at p. 319.)

It is undisputed here that defendant received both oral and written *Tahl* waivers. But we have held that a *Tahl* waiver is not a substitute for accurate advice from counsel, nor does it operate to categorically bar a defendant from seeking relief and withdrawing from a plea. (See, e.g., *People v. Curiel* (2023) 92 Cal.App.5th 1160, 1175; *People v. Manzanilla* (2022) 80 Cal.App.5th 891, 906.)

Defendant says his attorney did not appear to understand what TPS was but told him that he could probably have the

felony burglary conviction reduced to a misdemeanor at a later date and he would "be ok" with respect to his immigration status so he did not believe deportation was mandatory. Defendant admitted that TPS is a temporary work permit status granted by immigration authorities and the exhibits to his motion show his TPS was set to expire in September 2002. Nothing in defendant's motion demonstrates that in January 2007, when defendant accepted the plea, his TPS had been renewed or that he otherwise had any legal status for being in the United States at that time.

Assuming for the sake of argument that his counsel's advice led him to believe he would not be deported if he accepted the plea, defendant has not demonstrated prejudicial error. *Espinoza* instructs that in order " '[t]o determine whether there is a reasonable probability a defendant would have rejected a plea offer if he had understood its immigration consequences, courts must 'consider the totality of the circumstances' " and that factors " 'relevant to this inquiry include the defendant's ties to the United States, the importance the defendant placed on avoiding deportation, the defendant's priorities in seeking a plea bargain, and whether the defendant had reason to believe an immigration-neutral negotiated disposition was possible.' " (*Espinoza*, *supra*, 14 Cal.5th at p. 320.)

Defendant's declaration contains no information about any family ties or commitments in the United States in January 2007. Defendant also did not disclose that in 2006, he had children living in El Salvador—a fact disclosed only in the pretrial services report and confirmed by counsel at the hearing. His declaration also contains no information about any work history or other community ties to the United States in 2006 that

7

would have been a relevant factor to him in deciding whether to accept or reject the plea.

Defendant said in his declaration that he placed great importance on his TPS (despite that it does not appear he still had that status in 2007) and on staying in the United States. Defendant said he would not have accepted the plea to a felony if he knew he would lose his TPS and be deported and that he would have done anything possible "to fight to stay in this country that I love very much and has given me so much, and fought for my family" and avoid being deported and "lose my life." But defendant also said he told his attorney he wanted out of custody and he wanted the case to be over with. Documents attached to his motion indicated defendant told immigration authorities in 2007 that he had "no fear" of returning to El Salvador.

Defendant also candidly admitted in his declaration that his attorney (Mr. Rada) told him that in his opinion "this was the best deal" he could get in light of his past criminal record. It is undisputed defendant had prior convictions for theft and drug possession and, in January 2007, he was in violation of three grants of felony probation. The plea offer was for the low term of 16 months to run concurrent to those three other cases. There is nothing in the record indicating defendant had any reasonable expectation the People would have considered agreeing to a misdemeanor sentence given that history. There is nothing in the record supporting any reasonable expectation for an immigration-neutral disposition.

The record demonstrates the trial court properly examined the totality of the circumstances and thoroughly explained why it did not believe there was prejudice within the meaning of

*Espinoza.*  Based on our review of the record, we also conclude defendant has not demonstrated prejudicial error.

**DISPOSITION**

The order denying Jorge Alexander Ruiz's motion to vacate is affirmed.


GRIMES, J.


WE CONCUR:



STRATTON, P. J.



VIRAMONTES, J.


9